UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Timothy M. Nash,** | ) | **Case No. 1:12 CV 1939** |
| | ) | |
| Plaintiff, | ) | **Judge Donald C. Nugent** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion & Order** |
| **Gerald E. Fuerst,** *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* Plaintiff Timothy M. Nash filed this action under 42 U.S.C. § 1983 against Cuyahoga County Court of Common Pleas Clerk of Courts Gerald E. Fuerst, Cuyahoga County Court of Common Pleas Judge Nancy Fuerst, and Cuyahoga County Assistant Public Defender Jason Haller. In the Complaint, Plaintiff alleges Defendants deprived him of his constitutional rights by refusing to either file, or accept for filing, his Petition for Writ of Habeas Corpus. He seeks monetary relief.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (Doc. 2). For the reasons set forth below, that Application is **denied** and this action is dismissed.

**I.   Background**

Plaintiff is a state prisoner, currently incarcerated at the Richland Correctional Institution in Mansfield, Ohio. He was indicted in Cuyahoga County in September 2011 on charges of breaking and entering, grand theft, vandalism, and possessing criminal tools. *See* Cuyahoga County Ct. Cmn.

1

Pl. Case No. CR-11-553521. He was released on bond in October 2011. *Id.* On November 28, 2011, Plaintiff was arrested again, this time for breaking and entering, theft, vandalism, disrupting public service, possessing criminal tools, and interference with electrical wires. *See* Cuyahoga County Ct. Cmn. Pl. Case No. CR-11-556979. He was indicted on these charges on December 7, 2011, and held as a pre-trial detainee in the Cuyahoga County Jail. *Id.*

The state court docket reflects that Plaintiff was found guilty by a jury on March 28, 2012 of breaking and entering, grand theft, vandalism, and possessing criminal tools in Case No. CR-11-553521. On June 19, 2012, Defendant Nancy Fuerst sentenced Plaintiff to a term of 18 months imprisonment and post-release control for up to three years. In his other criminal case, Case No. CR-11-556979, Plaintiff was found guilty by a jury on August 1, 2012 of aggravated theft, disrupting public service, and interfering with electrical wires. On that same date, Defendant Nancy Fuerst sentenced him to 12 months imprisonment, to be served consecutive to his sentence in Case No. CR-11-553521. The docket reflects Plaintiff was transferred from the Cuyahoga County Jail to a state prison facility on August 7, 2012.

On July 17, 2012, Plaintiff filed the instant Complaint. Therein, he alleges that he attempted to file a Petition for Writ of Habeas Corpus in the Cuyahoga County Court of Common Pleas in June 2012. He asserts Defendant Gerald Fuerst refused to accept his petition for filing, and returned it to him. Thereafter, Plaintiff attempted to hand deliver his petition to Defendant Nancy Fuerst, who refused to accept it. Finally, Plaintiff asked his stand-by counsel, Defendant Haller, to file his petition. Plaintiff claims the docket reflects that Defendant Haller failed to do so. Plaintiff claims that, by failing to facilitate the filing of his habeas petition, these Defendants violated his constitutional rights under both the Ohio and United States Constitutions. (Doc. 1 at 1).

In addition, Plaintiff blames Defendants for his exposure to MRSA[1] while he was incarcerated at the Cuyahoga County Jail. Specifically, he claims that "these defendants were illegally using their office or employment to intentionally and with malice, subject me to hurt, harm, and dangers of MRSA decease [sic] which I had already caught January 13, 2012, and stated to the record to Jason Haller and Nancy Fuerst in court, and July 16, 2012, I contracted the decease [sic] again, and I am still illegally being subjected to it and teeth and gum decease [sic] and am at high risk of catching MRSA decease [sic] in it's incurable stage when my gum bleed constantly and shall not be treated because of county jail policy; and the imminent threat of other prisoners who hate me that are violent and have a violent history." (Doc. 1 at 2).

In addition to his Complaint, Plaintiff also filed an Application to Proceed *In Forma Pauperis* on July 26, 2012. (Doc. 2).

## II.     Standard of Review for 28 U.S.C. § 1915(g)

Pursuant to 28 U.S.C. § 1915(a), a court may authorize the commencement of an action without prepayment of fees if an applicant has shown by affidavit that he satisfies the criterion of poverty. Prisoners, however, become responsible for paying the entire amount of their filing fees and costs from the moment they file the Complaint. 28 U.S.C. § 1915(b); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (1997). When an inmate seeks pauper status, the only issue for the Court to determine is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan. *Id.* Moreover, absent imminent danger, the benefit of the

---

[1]     Methicillin-resistant Staphylococcus aureus ("MRSA") is a type of staph bacteria that does not respond to some antibiotics that are commonly used to treat staph infections. *See* www.ncbi.nlm.nih.gov/pubmedhealth/PMH0004520.

3

installment plan is denied to prisoners who have on three or more prior occasions, while incarcerated, brought an action that was dismissed on the grounds that it was frivolous, malicious or failed to state a claim upon which relief could be granted. 28 U.S.C. § 1915(g).

In interpreting the "three strike" language of this section, the Sixth Circuit has held that "where a complaint is dismissed in part without prejudice for failure to exhaust administrative remedies and in part with prejudice because 'it is frivolous, malicious, or fails to state a claim upon which relief may be granted,' the dismissal should be counted as a strike under 28 U.S.C. § 1915(g)." *Pointer v. Wilkinson*, 502 F.3d 369, 377 (6th Cir.2007). Dismissals of actions entered prior to the effective date of the Prisoner Litigation Reform Act also are counted toward the "three strikes referred to in 28 U.S.C. § 1915(g)." *Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir.1998).

As the language of 28 U.S.C. § 1915(g) indicates, the three strike provision will not apply if a "prisoner is under imminent danger of serious physical injury." The imminent danger exception "is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver v. Vasbinder*, No. 08-2602, 2011 WL 1105652, at *3 (6th Cir. March 28, 2011). For purposes of determining whether a pleading satisfies this exception, the Court considers whether the plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver*, 2011 WL 1105652 at *2 (noting that "the plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing"). Although the Sixth Circuit has not offered a precise definition of "imminent danger," it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, No. 06–4472, 2008 WL 3889860 (6th Cir. Aug. 20, 2008). Moreover, "[a]llegations that the prisoner has faced danger in the past and allegations that are conclusory, ridiculous, or clearly baseless do not suffice to allege imminent harm." *Tucker v.*

*Pentrich*, No. 10-1388, 2012 WL 1700701 at *1 (6th Cir. May 15, 2012).

This Court has already found that Plaintiff herein has accumulated three strikes within the meaning of 28 U.S.C. § 1915(g). Specifically, in *Nash v. Kochavar*, Case No. 1:11CV329 (N.D. Ohio)(Gwin, J.), this Court noted that, while incarcerated, Plaintiff filed more than three previous actions which were dismissed as frivolous, including *Nash v. McFaul*, No. 1:11 CV 330 (N.D. Ohio April 1, 2011)(Polster, J.); *Nash v. Reid*, No. 1:11 CV 70 (N.D. Ohio Mar. 14, 2011)(Polster, J.); *Nash v. Reid*, No. 1:10 CV 2926, (N.D. Ohio Feb 1, 2011)(Boyko, J.); *Nash v. Cuyahoga County*, No. 1:10 CV 2386 (N.D. Ohio Dec. 20, 2010)(Oliver, J.); *Nash v. City of Cleveland*, No. 1:05 CV 1578 (Aug. 4, 2005)(Manos, J.); *Nash v. Cuyahoga County Metropolitan Housing Authority*, No. 1:98 CV 2145 (Nov. 2, 1998)(Nugent, J.).

Because Plaintiff has accumulated three strikes pursuant to 28 U.S.C. § 1915(g), the Court must decide whether he has adequately pled that he was under "imminent danger of serious physical injury" at the time his Complaint was filed. Plaintiff's allegations of imminent danger relate principally to his exposure to MRSA while he was incarcerated at the Cuyahoga County Jail and his concern that he may again contract MRSA due to his ongoing problems with gum disease. (Doc. 1 at 2). For the following reasons, the Court finds these allegations are insufficient to establish the "imminent danger" exception to § 1915(g).

As an initial matter, the Court notes that the named defendants in this action are Gerald Fuerst, Nancy Fuerst, and Jason Haller. As Cuyahoga County Court of Common Pleas Clerk of Courts, Judge, and Assistant Public Defender, respectively, Defendants Gerald Fuerst, Nancy Fuerst, and Jason Haller have no personal control over or responsibility for the daily operations of either the Cuyahoga County Jail or the Richland Correctional Institution ("RCI"). They are not legally

responsible for conditions at the Jail or RCI that may have allegedly resulted in cases of MRSA, nor are they responsible for any medical treatment Plaintiff may have received at either of these institutions.

Moreover, this Court has already considered and addressed this issue in another action recently filed by Plaintiff, i.e. *Nash v. Cuyahoga County Jail*, Case No. 1:12CV1870 (N.D. Ohio)(Polster, J.). In that case, Plaintiff alleged he was in "imminent danger" due to the presence of "red bumps" on his body that he feared were signs of a recurring MRSA infection. Judge Dan Aaron Polster of this Court conducted a teleconference regarding Plaintiff's allegations on August 2, 2012 with Cuyahoga County Jail Director of Corrections Ken Kochavar, Assistant Law Director of the Cuyahoga County Law Department Christopher Russ, Cuyahoga County Assistant Public Defender Jason Haller, and Plaintiff. During this teleconference, Plaintiff informed the Court that he had been seen by the Cuyahoga County Jail physician on July 16, 2012 and given a ten-day course of antibiotics. He claimed the antibiotics did not cure the "red bumps." Accordingly, the Court issued an Order on August 3, 2012 requiring Plaintiff to be seen again by the physician for follow-up treatment by 3:00 p.m. on that date. *See Nash v. Cuyahoga County Jail*, Case No. 1:12CV1870 (N.D. Ohio) (Doc. 3 at 2).

Plaintiff herein does not allege that the Jail failed to provide him medical assistance in accordance with Judge Polster's Order. Indeed, in another action filed in this Court, *Nash v. Tobik*, Case No. 1:12CV1422 (N.D. Ohio)(Polster, J.), Plaintiff indicated in a recent filing that after the Court's teleconference, he "was taken immediately to the county jail medical floor for examination and culture." *See* Case No. 1:12CV1422 (Doc. 6 at 1). Moreover, in yet another action filed in this Court, Plaintiff specifically stated in a recent filing that he was examined by and received treatment

from a prison physician for his "red bumps" condition. *See Nash v. Suster*, Case No. 1:12CV1786 (N.D. Ohio) (Gaughan, J.) (Doc. 4 at 1).

Accordingly, and for all the reasons set forth above, the Court finds the "imminent danger" exception to § 1915(g) does not apply in this case.

Finally, the Court notes that, on August 3, 2012, Plaintiff was permanently enjoined from filing new lawsuits or other documents in this Court without first seeking leave of Court to do so. *See Nash v. Cuyahoga County Jail*, Case No. 1:12CV1870 (N.D. Ohio) (Polster, J.) (Doc. 3 at 3-4). The Court has addressed the instant action because the Complaint herein was filed prior to the entry of the August 3, 2012 permanent injunction. However, Plaintiff is cautioned that the terms of the injunction are still in effect, and he may not file any other new lawsuits or any other documents in this action without following the specific procedures set forth in this Court's Order dated August 3, 2012.

### III. Conclusion

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) is denied and this action is dismissed. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

IT IS SO ORDERED.

_____ 10/1/12
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[2] 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."